UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOZEF GARAN,

                Plaintiff,

– against –

1199SEIU BENEFIT AND PENSION FUNDS,

                Defendants.

**OPINION & ORDER**

24-cv-7152 (ER)

Ramos, D.J.:

    Jozef Garan, proceeding *pro se*, brings this action seeking twelve years' pension credit from defendant National Benefit Fund (the "Fund"). Before the Court is 1199SEIU Benefit and Pension Funds' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 7. For the reasons set forth below, the motion is GRANTED.

I.    **BACKGROUND**

    **A. Factual Background**

    Garan worked as a housekeeper at New York Presbyterian-Lawrence Hospital ("NYPLH") from 2009 to 2021; during that entire time, he was a member of 1199SEIU UnitedHealthcare Workers East (the "Union"), a union of healthcare industry workers. Doc. 1-1 at ECF 2. Members of the Union are entitled to a defined retirement benefit from Defendant's Fund. Doc. 9 at ECF 2.

    The Fund is a multi-employer trust fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), which provides credits to employees during periods in which their employer is required to contribute to the Fund. Doc. 8-1 at ECF 135–36. As is relevant to this case, NYPLH only began contributing to the Fund on January 1, 2020, pursuant to the collective bargaining agreement they reached with the Union on August 13, 2019. Doc. 8-2 at ECF 3, 11.

Garan submitted a retirement application to the Fund in May 2021, requesting pension benefits to begin in September 2021. Doc. 8-3 at ECF 1–6. The Fund initially determined he was eligible for a monthly award of $37, beginning in August 2021, based on his pension accrual record, which spanned from January 1, 2020 to August 2021. Doc. 9 at ECF 4. Garan disputed this amount, claiming he was owed credit for the entire duration of his employment at NYPLH—between 2009 and 2021—despite his acknowledgement that NYPLH did not become a contributing employer to the Fund until 2020. Doc. 8-3 at ECF 21.

Garan submitted three appeals to the Fund challenging the amount of his award—in May 2022, April 2023, and August 2023. Doc. 9 at ECF 8–9. His appeal was heard in October 2023 by the Fund's Retirement Committee, which is the Fund's governing body entrusted with the "exclusive right, power, and authority, in their sole and absolute discretion, to administer, apply and interpret the Plan, Trust Agreement and any other Plan documents and to decide all matters arising in connection with the operation or administration of the Plan or the Trust." *Id.* at ECF 6; Doc. 8-1 at ECF 182 § 12.9.

The Retirement Committee denied Garan's appeals, finding that he was not eligible to receive credit for the years 2009–2019 because NYPLH was under no obligation to contribute to the Fund throughout that period.[1] Doc. 8-3 at ECF 136–37. The Plan Document for the pension benefit specifies that entitlement to pension credit requires employer contribution: "[T]he purpose of said Trust Fund . . . [is] to provide pension or retirement benefits for Employees covered under a collective bargaining agreement between the Union and a Contributing Employer in accordance with which the Contributing Employer is required to make Contributions to the Trust Fund by reason of

---

[1] In approximately August 2023, the Fund recalculated Garan's benefit amount to $99 per month, including credit for his first year of participation in the plan because the Fund had determined he qualified for an exception to its one-year waiting rule (which required participants to wait one year before accruing pension credits). Doc. 8-3 at ECF 111–12. Thus, the increase from $37 to $99 per month reflects the credit earned by Garan in the year 2020, and not any concession from the Fund on what Garan was owed prior to January 1, 2020.

the service of the Employee, and to provide pension or retirement benefits to participants, beneficiaries and retirees." *Id.* at ECF 133.

### B. Procedural History

On August 7, 2024, Garan filed the summons and complaint in the Supreme Court of the State of New York, New York County, Index No. 100944/2024, styled as *Jozef Garan v. 1199SEIU Benefit and Pension Funds*. Doc. 1 ¶ 1. The Fund was served with the summons and complaint on August 26, 2024. *Id.* The Fund removed the matter to this Court on September 20, 2024, on the basis of federal question jurisdiction. 28 U.S.C. § 1331; *see generally* Doc. 1; Doc. 1 ¶ 3.

The Fund construes Garan's complaint as asserting a cause of action pursuant to ERISA § 502(a)(1)(B)[2], because he is seeking to recover benefits allegedly owed to him under the terms of an ERISA plan. *Id.* ¶ 2. This Court construes the complaint likewise.

The Fund filed the instant motion on November 12, 2024, Doc. 7, contending that Garan's complaint lacks any facts that would entitle him to the relief he seeks. Doc. 9 at ECF 6. Namely, Garan acknowledges that his employer was not obligated to make any contributions to the Fund until January 2020, and makes no allegations that the Fund acted arbitrarily and capriciously in denying him pension credit for the years 2009–2019, which he is required to show under the relevant standard of review. *Id.* at ECF 5–6.

## II.   LEGAL STANDARD

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*

---

[2] ERISA § 502(a)(1)(B)—otherwise known as 29 U.S.C. § 1132(a)(1)(B)—authorizes a cause of action against plans, by participants and beneficiaries, regarding the denial of benefits or rights due to the participant or beneficiary under an ERISA plan.

*v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits'" or "weigh[ing] the evidence that might be offered to support it." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

"In an action brought pursuant to section 502(a)(1)(B) of ERISA, a district court reviews a plan administrator's denial of benefits 'under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 575 (2d Cir. 2006) (quoting *Kinstler v. First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999). When the plan reserves discretionary authority for the administrator, "denials are subject to the more deferential arbitrary and capricious standard and may be overturned only if the decision is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler*,

181 F.3d at 249 (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) (internal quotation marks omitted)).

### III.     DISCUSSION

Since Garan's plan gives final discretionary authority to its administrator—in this case, the Fund's Retirement Committee, Doc. 8-1 § 12.1, 12.9—the benefit denial at issue is subject to an arbitrary and capricious standard of review. *Gibbs*, 440 F.3d at 575 (quoting *Kinstler*, 181 F.3d at 249).

 "Under the arbitrary and capricious standard of review, [a court] may overturn an administrator's decision to deny ERISA benefits 'only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Hobson v. Metropolitan Life Insurance Co.*, 574 F.3d 75, 83 (quoting *Pagan*, 52 F.3d at 442).

Garan claims that he is owed credit for the full duration of his employment at NYPLH, since he worked over 1,000 hours each year and paid union dues throughout that period. Doc. 1-1 at ECF 2–4. But the Plan, by its own terms, does not condition pension credit on union membership or dues. *See generally* Doc. 8-1 at ECF 133–92 ("Plan Document"). Rather, the only employees entitled to pension credit under the plan are those who worked for a "Contributing Employer." *Id.* at ECF 133.

The administrative record shows that NYPLH had no obligation to make contributions until January 1, 2020. Doc. 8-2 at ECF 3. There is no dispute that the Fund abided fully by the terms of the Plan in calculating and subsequently reviewing Garan's years of credited service. *See generally* Doc. 8-3 at ECF 42–43, 53–54, 136–37.

Garan has made no allegation that the denial of pre-2020 pension credit was arbitrary and capricious, and no facts alleged in the complaint support a finding thereof. Rather, the record establishes that the Fund accurately and consistently applied the Plan terms, a course of conduct which cannot be characterized as "'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Hobson*, 574 F.3d at 83 (quoting *Pagan*, 52 F.3d at 442).

## IV.  CONCLUSION

For the foregoing reasons, the motion is GRANTED, and the complaint is DISMISSED with prejudice.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 7, and close the case.

It is SO ORDERED.

Dated:  July 31, 2025
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.